## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| HOMECARE CRM LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE ADAM GROUP, INC. OF | ) | Civil Action No. 1:12:-CV-01958-TCB |
| MIDDLE TENNESSEE, d/b/a | ) | |
| PLAYMAKER CRM, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## COUNTERCLAIM-DEFENDANT DANIEL CHRISTOPHER TUNNELL'S
## AMENDED ANSWER TO MODIFIED COUNTERCLAIM

Counterclaim-Defendant Daniel Christopher Tunnell ("Mr. Tunnell") states

the following as his amended answer to the modified version of the Counterclaim

filed by Defendant and Counterclaim-Plaintiff The Adam Group, Inc. of Middle

Tennessee, d/b/a PlayMaker CRM ("PlayMaker") on November 16, 2012.  This

amended answer also complies with the Court's October 1, 2012 Order.

## INTRODUCTION AND PRELIMINARY STATEMENT IN
## RESPONSE TO PLAYMAKER'S
## SUMMARY OF COUNTERCLAIMS

PlayMaker's counterclaims seek to divert attention from its own wrongful

conduct as described in Plaintiff Homecare CRM LLC's ("HCRM") Complaint,

and from limitations in the features and functionality of its PlayMaker CRM software that have hampered its ability to successfully and fairly compete against HCRM in the marketplace. PlayMaker is continuing its pattern of wrongful activity designed to unfairly compete with HCRM, as described in HCRM's Complaint. In addition, PlayMaker now seeks, through its counterclaims, to falsely disparage the reputation of HCRM, and of HCRM's HOMECARECRM software product. PlayMaker's answer and counterclaims simply fabricate allegations against HCRM, by falsely describing limitations on HCRM's HOMECARECRM software that do not exist and by mischaracterizing HCRM business practices. For example, there is no truth whatsoever to PlayMaker's fabricated statements that HOMECARECRM software is not based on the latest version of SalesLogix, is not web-based or requires Citrix or something similar, does not work on Blackberry phones, and does not integrate with HomecareHomebase software.

PlayMaker cannot refute that HCRM's HOMECARECRM software product is far and away the leading customer relations management software choice for companies in the home health care, hospice care, and long-term care industries, under any objective measurement. HOMECARECRM software is the first and most robust customer relations management and business referral software solution

2

specifically designed for providers of home health care, hospice care, and long-term care.  It has numerous features, functions, and capabilities that PlayMaker CRM software does not have, and that customers value.  It is no accident that HOMECARECRM software has been and is still being chosen by a large majority of the home health care, hospice care, and long-term care providers in the United States that have purchased a customer relations management software platform in recent years, including by a sizeable majority of prospective customers where HCRM and PlayMaker compete.  In fact, a significant number of customers who have tried PlayMaker CRM software have been dissatisfied and switched to HOMECARECRM software.

Mr. Tunnell states the following as his defenses to PlayMaker's counterclaims:

## FIRST DEFENSE

Mr. Tunnell responds as follows to the specific allegations of the Counterclaims:

## THE PARTIES

1.      Mr. Tunnell admits that HCRM is the Plaintiff in this action against PlayMaker for infringement of HCRM's HOMECARECRM Marks, misappropriation of portions of HCRM's proprietary software solutions, making

3

false and misleading advertising statements to customers and prospects about the parties and their products, and deceptive trade practices and unfair competition. Mr. Tunnell admits that PlayMaker is a competitor of HCRM and that HCRM and PlayMaker both sell customer relationship management software and related services to providers in the home health care and hospice care industries.

2.    Mr. Tunnell denies that Contactivation, Inc. supplies employees to carry out operations of HCRM, and is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 2 of the Counterclaim.

3.    Mr. Tunnell denies the allegations of Paragraph 3 of the Counterclaim. In further response, Mr. Tunnell states that he is the Senior Vice-President of Sales for HCRM.

4.    Paragraph 4 of the Counterclaim sets forth legal conclusions to which no response is required.  To the extent that a further response is required, Mr. Tunnell denies each and every allegation set forth in Paragraph 4.  Mr. Tunnell further states that Contactivation had no involvement in the events underlying PlayMaker's counterclaims.

## JURISDICTION AND VENUE

5.     Mr. Tunnell is without sufficient knowledge or information to admit or deny the allegations of Paragraph 5 of the Counterclaim, and therefore, denies the same.

6.     Mr. Tunnell is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 6 of the Counterclaim, and therefore, denies the same.

7.     Mr. Tunnell denies that he individually does business in this District. Mr. Tunnell also denies the remaining allegations in this Paragraph, and specifically denies that he directs employees of Contactivation, and that HCRM or he engaged in any unlawful or unfair practices or defamation, or caused any damage to PlayMaker.

8.     Mr. Tunnell admits that this Court has subject matter jurisdiction for this case.  Mr. Tunnell denies that venue is proper with respect to him.  Mr. Tunnell is without sufficient knowledge or information to admit or deny whether venue is proper for PlayMaker's claims against Contactivation or HCRM, and therefore denies the same.

20043868v6

## FACTUAL ALLEGATIONS

9.     Mr. Tunnell admits that PlayMaker's founders, Judy Bishop and Adam Bishop, have worked for years in the home health care industry, but Mr. Tunnell denies the remaining allegations in Paragraph 9 of the Counterclaim.  In further response, Mr. Tunnell states that PlayMaker's PlayMaker CRM software solutions have various limitations in their features and functionality, as compared to HCRM's HOMECARECRM software solutions, that have hampered PlayMaker's ability to successfully and fairly compete in selling customer relations management software in the home health care and hospice care industries. PlayMaker has a very small share of that market, and has had virtually no success in selling to large providers in the industry.

10.     Mr. Tunnell denies the allegations in Paragraph 10 of the Counterclaim. In further response, Mr. Tunnell states that HCRM's HOMECARECRM software is the first and most robust customer relations management software designed for providers of home health care, hospice care, and long-term care; and that customers consistently choose HOMECARECRM software solutions over PlayMaker CRM software solutions.  HCRM has beaten PlayMaker head to head at the overwhelming majority of accounts where they have competed.  While PlayMaker contends that one of the largest home health care providers recently

6

selected its software, other than this location (where the decision maker was the developer of PlayMaker CRM), the other top five home health care providers all selected HOMECARECRM software over PlayMaker CRM.  Furthermore, a significant number of providers that have used PlayMaker CRM software have become dissatisfied and have switched service from PlayMaker to HCRM.

11.     Mr. Tunnell denies the allegations in Paragraph 11 of the Counterclaim.

12.     Mr. Tunnell denies the allegations in Paragraph 12 of the Counterclaim. In further response, Mr. Tunnell states that he never made an offer on behalf of HCRM or any other entity to acquire PlayMaker.

13.     Mr. Tunnell denies the allegations in Paragraph 13 of the Counterclaim.

14.     Mr. Tunnell denies the allegations in Paragraph 14 of the Counterclaim. Mr. Tunnell further states that the largest client in the home health care industry is Amedisys, which is a customer of HCRM.  PlayMaker claims to have recently made a sale to the second largest home health care company, but that company chose PlayMaker CRM software not on the merits of the product, but because its Chief Information Officer developed much of the PlayMaker CRM software when he worked at another company (Guardian) for Judy Bishop, the current CEO of PlayMaker.  After Judy Bishop left Guardian (taking with her and bringing to PlayMaker the software developed at Guardian's expense that became known as

7

PlayMaker CRM), Guardian replaced that software with HOMECARECRM software.

15.     Mr. Tunnell is without knowledge or information sufficient to form a belief as to the truth or accuracy of what PlayMaker management began to hear, and as to how PlayMaker obtained the e-mail attached to the Counterclaim as Exhibit A.  Mr. Tunnell denies that the e-mail attached as Exhibit A to the Counterclaim contains any false or defamatory statements.  In further response, Mr. Tunnell states that HCRM has an agreement with Allscripts to "be the exclusive provider of CRM applications to [Allscripts]"; and that HOMECARECRM software is used by on or about 18 out of the top 22 home health care and hospice providers in the United States, and by on or about 56 of the top 100.  Mr. Tunnell denies any and all remaining allegations in Paragraph 15 of the Counterclaim.

16.     Mr. Tunnell denies the allegations in Paragraph 16 of the Counterclaim, and specifically denies making false or defamatory statements about PlayMaker to customers or potential customers.

17.     Mr. Tunnell denies that he has made any false or defamatory statements, and denies that HCRM's lawsuit is based on frivolous claims.  Mr. Tunnell is without knowledge or information sufficient to form a belief as to the truth or

accuracy of the remaining allegations in Paragraph 17 of the Counterclaim, and

therefore, denies the same.

18.     Mr. Tunnell denies the allegations in Paragraph 18 of the Counterclaim.

In further response, Mr. Tunnell states that HCRM's software is based on the

latest version of SalesLogix, and it is PlayMaker's allegations that are patently

false.

19.     Mr. Tunnell denies the allegations in Paragraph 19 of the Counterclaim.

20.     Mr. Tunnell admits that the HOMECARECRM software works on

mobile devices, including Blackberry phones, and that he has told customers and

potential customers that.  Mr. Tunnell denies the remaining allegations in

Paragraph 20 of the Counterclaim.

21.     Mr. Tunnell admits that HCRM has offered some customers a guaranty

related to business growth or the customer's satisfaction with business growth.

Mr. Tunnell denies that HCRM has failed to honor any such guaranty, to his

knowledge, and denies the remaining allegations in Paragraph 21 of the

Counterclaim.

22.     Mr. Tunnell admits that HCRM issued the press release that is attached

as Exhibit C to the Counterclaim, and that the referenced statements in the press

release are true.  Mr. Tunnell denies the remaining allegations in Paragraph 22 of the Counterclaim.

23.     Mr. Tunnell admits that HCRM issued the press release that is attached as Exhibit D to the Counterclaim, and that the referenced statements in the press release are true.  Mr. Tunnell denies the remaining allegations in Paragraph 23 of the Counterclaim.

24.     Mr. Tunnell denies the allegations in Paragraph 24 of the Counterclaim, and specifically denies that the statements quoted in Paragraphs 22 and 23 are false.  In further response, Mr. Tunnell states that the HOMECARECRM software has been integrated with Homecare Homebase's software for a number of  HCRM customers, including Suncrest, Kindred, Holy Redeemer, and Willcare.

25.     Mr. Tunnell admits, upon information and belief, that HMS filed a Complaint against HCRM, alleging claims that were eventually settled.  Mr. Tunnell denies that he or HCRM wrongfully obtained any data belonging to HMS, denies that HMS's claims had any validity, denies that he was a party to that litigation, and denies the remaining allegations in Paragraph 25 of the Counterclaim.

26.     Mr. Tunnell denies the allegations in Paragraph 26 of the Counterclaim.

20043868v6

27.     Mr. Tunnell denies the allegations in Paragraph 27 of the Counterclaim. It is PlayMaker's counterclaims which improperly seek to impugn the reputation of HCRM and Mr. Tunnell, so as to divert attention from its own wrongful conduct and from limitations in the features and functionality of its PlayMaker CRM software that have hampered its ability to successfully and fairly compete in the marketplace.

28.     Mr. Tunnell denies the allegations in Paragraph 28 of the Counterclaim.

## COUNTERCLAIM ONE:  LIBEL

29.     Mr. Tunnell reasserts his responses to Paragraphs 1 through 28 of PlayMaker's Counterclaim.

30.     Mr. Tunnell denies the allegations in Paragraph 30 of the Counterclaim.

31.     Mr. Tunnell denies the allegations in Paragraph 31 of the Counterclaim.

32.     Mr. Tunnell denies the allegations in Paragraph 32 of the Counterclaim.

33.     Mr. Tunnell denies the allegations in Paragraph 33 of the Counterclaim.

34.     Mr. Tunnell denies the allegations in Paragraph 34 of the Counterclaim.

35.     Mr. Tunnell is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 35 of the Counterclaim, and therefore, denies the same.

36.     Mr. Tunnell denies the allegations in Paragraph 36 of the Counterclaim.

## COUNTERCLAIM TWO:  SLANDER

37.     Mr. Tunnell reasserts his responses to Paragraphs 1 through 28 of PlayMaker's Counterclaim.

38.     Mr. Tunnell denies the allegations in Paragraph 38 of the Counterclaim.

39.     Mr. Tunnell denies the allegations in Paragraph 39 of the Counterclaim.

40.     Mr. Tunnell denies the allegations in Paragraph 40 of the Counterclaim.

41.     Mr. Tunnell denies the allegations in Paragraph 41 of the Counterclaim.

42.     Mr. Tunnell denies the allegations in Paragraph 42 of the Counterclaim.

43.     Mr. Tunnell is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 43 of the Counterclaim, and therefore, denies the same.

44.     Mr. Tunnell denies the allegations in Paragraph 44 of the Counterclaim.

## COUNTERCLAIM THREE:  FALSE ADVERTISING AND UNFAIR COMPETITION

45.     Mr. Tunnell reasserts his responses to Paragraphs 1 through 28 of PlayMaker's Counterclaim.

46.     Mr. Tunnell denies the allegations in Paragraph 46 of the Counterclaim.

47.     Mr. Tunnell denies the allegations in Paragraph 47 of the Counterclaim. In further response, Mr. Tunnell states that HCRM's software is based on the

latest version of SalesLogix; HCRM honors its guarantees; HCRM has an

agreement with AllScripts to be the exclusive provider of customer relations

management software to AllScripts; and HCRM's HOMECARECRM software

integrates with HomeCareHomeBase software.

48.    Mr. Tunnell denies the allegations in Paragraph 48 of the Counterclaim.

49.    Mr. Tunnell denies the allegations in Paragraph 49 of the Counterclaim.

50.    Mr. Tunnell denies the allegations in Paragraph 50 of the Counterclaim.

51.    Mr. Tunnell denies the allegations in Paragraph 51 of the Counterclaim.

52.    Mr. Tunnell denies the allegations in Paragraph 52 of the Counterclaim.

## COUNTERCLAIM FOUR:  VIOLATION OF THE GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT

53.    Mr. Tunnell reasserts his responses to Paragraphs 1 through 28 of

PlayMaker's Counterclaim.

54.    Mr. Tunnell denies the allegations in Paragraph 54 of the Counterclaim,

and specifically denies that he has made false representations about HCRM

software products.

55.    Mr. Tunnell denies the allegations in Paragraph 55 of the Counterclaim,

and specifically denies that he has disparaged PlayMaker or PlayMaker's software

products.

20043868v6

56.     Mr. Tunnell denies the allegations in Paragraph 56 of the Counterclaim.

57.     Mr. Tunnell denies the allegations in Paragraph 57 of the Counterclaim.

58.     Mr. Tunnell denies the allegations in Paragraph 58 of the Counterclaim.

59.     Mr. Tunnell denies the allegations in Paragraph 59 of the Counterclaim.

## <u>COUNTERCLAIM FIVE:  TORTIOUS INTERFERENCE WITH</u>

## <u>BUSINESS RELATIONS</u>

60.     Mr. Tunnell reasserts his responses to Paragraphs 1 through 28 of PlayMaker's Counterclaim.

61.     Mr. Tunnell is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 61 of the Counterclaim, and therefore, denies the same.

62.     Mr. Tunnell denies the allegations in Paragraph 62 of the Counterclaim.

63.     Mr. Tunnell denies the allegations in Paragraph 63 of the Counterclaim.

64.     Mr. Tunnell denies the allegations in Paragraph 64 of the Counterclaim.

65.     Mr. Tunnell denies the allegations in Paragraph 65 of the Counterclaim.

66.     Mr. Tunnell denies the allegations in Paragraph 66 of the Counterclaim.

67.     Mr. Tunnell denies the allegations in Paragraph 67 of the Counterclaim.

20043868v6

## COUNTERCLAIM SIX:  COMMON LAW UNFAIR COMPETITION

68.     Mr. Tunnell reasserts his responses to Paragraphs 1 through 28 of PlayMaker's Counterclaim.

69.     Mr. Tunnell denies the allegations in Paragraph 69 of the Counterclaim.

70.     Mr. Tunnell denies the allegations in Paragraph 70 of the Counterclaim.

71.     Mr. Tunnell denies the allegations in Paragraph 71 of the Counterclaim.

72.     Mr. Tunnell denies the allegations in Paragraph 72 of the Counterclaim.

73.     Mr. Tunnell denies the allegations in Paragraph 73 of the Counterclaim.

## COUNTERCLAIM SEVEN:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT

74.     Mr. Tunnell reasserts his responses to Paragraphs 1 through 28 of PlayMaker's Counterclaim.

75.     Mr. Tunnell denies the allegations in Paragraph 75 of the Counterclaim, upon information and belief.

76.     Mr. Tunnell denies the allegations in Paragraph 76 of the Counterclaim, upon information and belief.

77.     Mr. Tunnell admits that PlayMaker asserts that the words "home care," "homecare," and "CRM" are generic or descriptive, and that it is entitled to use

20043868v6

those words to describe the products it sells.  However, Mr. Tunnell denies that PlayMaker is entitled to use HCRM's HOMECARECRM Marks, or close variations thereof, in connection with its marketing, advertising, and sale of PlayMaker products or services.

78.     Mr. Tunnell is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 78 of the Counterclaim, and therefore, denies the same.

79.     Mr. Tunnell is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 79 of the Counterclaim, and therefore, denies the same.

80.     Mr. Tunnell is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 80 of the Counterclaim, and therefore, denies the same.

81.     Mr. Tunnell denies the allegations in Paragraph 81 of the Counterclaim, upon information and belief.

## COUNTERCLAIM EIGHT:  INJUNCTIVE RELIEF

82.     Mr. Tunnell reasserts his responses to Paragraphs 1 through 28 of PlayMaker's Counterclaim.

83.     Mr. Tunnell denies the allegations in Paragraph 83 of the Counterclaim.

20043868v6

84.     Mr. Tunnell denies the allegations in Paragraph 84 of the Counterclaim.

## COUNTERCLAIM NINE: ATTORNEYS' FEES

85.     Mr. Tunnell reasserts his responses to Paragraphs 1 through 28 of PlayMaker's Counterclaim.

86.     Mr. Tunnell denies the allegations in Paragraph 86 of the Counterclaim.

87.     Mr. Tunnell denies the allegations in Paragraph 87 of the Counterclaim.

88.     Mr. Tunnell denies the allegations in Paragraph 88 of the Counterclaim.

## COUNTERCLAIM TEN:  PUNITIVE DAMAGES

89.     Mr. Tunnell reasserts his responses to Paragraphs 1 through 28 of PlayMaker's Counterclaim.

90.     Mr. Tunnell denies the allegations in Paragraph 90 of the Counterclaim.

91.     Mr. Tunnell denies the allegations in Paragraph 91 of the Counterclaim.

92.     Mr. Tunnell denies the allegations in Paragraph 92 of the Counterclaim.

In response to the unnumbered "PRAYER FOR RELIEF," Mr. Tunnell denies any liability to PlayMaker; denies that PlayMaker is entitled to any damages or other relief from Mr. Tunnell, and therefore denies all allegations contained in that Paragraph.

20043868v6

Furthermore, Mr. Tunnell denies any express or implied allegation in PlayMaker's Counterclaim that is not otherwise specifically admitted in this Answer.

Mr. Tunnell states the following as his affirmative defenses to PlayMaker's Counterclaims:

## SECOND DEFENSE

Some or all of PlayMaker's claims fail to state a claim upon which relief can be granted.

## THIRD DEFENSE

Mr. Tunnell, a resident of Alabama, is not subject to personal jurisdiction in this Court.

## FOURTH DEFENSE

Venue over Mr. Tunnell, a resident of Alabama, is not proper in this Court.

## FIFTH DEFENSE

Mr. Tunnell has not made any false statements regarding PlayMaker or its products or services.

## SIXTH DEFENSE

Mr. Tunnell has not made any defamatory statements about PlayMaker or its products or services.

**SEVENTH DEFENSE**

Mr. Tunnell's statements are protected by privilege.

**EIGHTH DEFENSE**

Mr. Tunnell has not made any false or misleading descriptions or representations of fact regarding HCRM or its products or services.

**NINTH DEFENSE**

All statements that Mr. Tunnell has made in commercial advertising to customers or potential customers have been true, to the best of his knowledge, information, and belief.

**TENTH DEFENSE**

Mr. Tunnell has never made any statements that would constitute "false advertising" under the Lanham Act or otherwise.

**ELEVENTH DEFENSE**

Certain of the statements alleged by PlayMaker to amount to false advertising or to be otherwise wrongful are unactionable puffery.

**TWELFTH DEFENSE**

Mr. Tunnell's statements have been reasonable, justified, privileged, and/or in pursuit of proper and legitimate business interests and concerns.

## THIRTEENTH DEFENSE

Mr. Tunnell has at all times acted in good faith and without improper motive to harm PlayMaker's reputation or business.

## FOURTEENTH DEFENSE

PlayMaker has suffered no damages or economic harm as a result of the matters alleged in the Counterclaim.

## FIFTEENTH DEFENSE

PlayMaker is not entitled to recover the alleged damages, if any, because they are uncertain, contingent, and speculative.

## SIXTEENTH DEFENSE

PlayMaker's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

## SEVENTEENTH DEFENSE

PlayMaker's claims and some or all of the relief it seeks, are barred, in whole or in part, by PlayMaker's unclean hands and wrongful conduct.

## EIGHTEENTH DEFENSE

Some or all of PlayMaker's claims, including its claims for punitive damages, are barred because Mr. Tunnell's actions were not malicious, fraudulent,

20043868v6

oppressive, egregious, in bad faith, or in willful or reckless indifference to or disregard for Plaintiff's legal rights.

## NINETEENTH DEFENSE

PlayMaker's claim for punitive damages is barred by the due process clause of the Fourteenth Amendment to the United States Constitution; the proscription of the Eighth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment prohibition against the imposition of excessive fines, the "double-jeopardy" clause of the Fifth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment; and the Constitution of the United States and the Constitution of Georgia.

## TWENTIETH DEFENSE

Mr. Tunnell reserves the right to assert any additional defense as continuing investigation and discovery may disclose.

WHEREFORE, Mr. Tunnell prays for judgment as follows:

1.    Dismissing PlayMaker's Counterclaims with prejudice and denying PlayMaker any relief whatsoever;

2.    Awarding judgment to Mr. Tunnell and against Playmaker on the merits of Playmaker's counterclaims;

3.     Awarding Mr. Tunnell his reasonable attorneys' fees, and costs and

expenses; and

4.     Awarding any such other and further relief as the Court deems

appropriate.

This 21st day of November, 2012.

TROUTMAN SANDERS LLP

*/s/ Mark S. VanderBroek*

Mark S. VanderBroek
Georgia Bar No.:  724440
Christopher Wiech
Georgia Bar No.:  757333
Puja R. Patel
Georgia Bar No.:  320796
mark.vanderbroek@troutmansanders.com
christopher.wiech@troutmansanders.com
puja.patel@troutmansanders.com

5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308
Telephone:   404-885-3000
Facsimile:     404-885-3995

*Attorneys for Counterclaim-Defendant*
*Daniel Christopher Tunnell*

22

## <u>CERTIFICATION OF COUNSEL</u>

I hereby certify that this document is submitted in Times New Roman 14 point type as required by N.D. Ga. Local Rule 5.1(b).

/s/ *Mark S. VanderBroek*
Georgia Bar No.:  724440

20043868v6

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

HOMECARE CRM LLC      )
                              )
        Plaintiff,        )
                              )
v.                           )
                              )
THE ADAM GROUP, INC. OF    )    Civil Action No. 1:12:-CV-01958-TCB
MIDDLE TENNESSEE, d/b/a    )
PLAYMAKER CRM,          )
                              )
        Defendant     )
                              )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the certificate of service for **COUNTERCLAIM-DEFENDANT DANIEL CHRISTOPHER TUNNELL'S AMENDED ANSWER TO MODIFIED COUNTERCLAIM** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to all counsel of record.

Ann G. Fort, Esq.              Paige Waldrop Mills, Esq.
John H. Fleming, Esq.          Joshua R. Denton, Esq.
SUTHERLAND ASBILL &        BASS BERRY & SIMS PLC
BRENNAN LLP                150 Third Avenue South
999 Peachtree Street, N.E.      Suite 2800
Atlanta, GA  30309-3996        Nashville, TN  37201

This 21st day of November, 2012.

/s/ Mark S. VanderBroek
Mark S. VanderBroek
Georgia Bar No.:  724440

TROUTMAN SANDERS LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308
Telephone:   404-885-3000
Facsimile:    404-885-3995

*Attorneys for Counterclaim-Defendant
Daniel Christopher Tunnell*